UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| DIANNE BELL, | ) CV 04-9212-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM OPINION ) AND ORDER |
| v. | ) |
| JO ANNE B. BARNHART, | ) |
| Defendant. | ) |

This matter is before the court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits under Sections 216(I) and 223 of the Social Security Act. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The Plaintiff and the Defendant have filed their pleadings, the Defendant has filed the certified transcript of record, and the parties

have filed a joint stipulation. After reviewing the matter, the court concludes that the decision of the Commissioner should be affirmed.

Plaintiff Dianne Bell ("Plaintiff") first filed an application for disability benefits on May 13, 1986. (Joint Stipulation at 2). On August 8, 1986, this claim was denied, and Plaintiff did not appeal. (*Id.*). On July 12, 1994, Plaintiff filed another application for disability benefits. (*Id.*). On May 26, 1995, the Social Security Administration found that Plaintiff was not disabled at any time from June 1, 1993 to the date of the decision, and consequently, denied her claim. (Administrative Record ("AR") at 27). Plaintiff did not appeal that decision. (Joint Stipulation at 2).

On June 21, 2000, Plaintiff filed another application for a period of disability and disability insurance benefits, alleging an inability to work since February 14, 1993, due to severe musculoskeletal and mental impairments. (*Id.* at 1-2). The Social Security Administration denied the claim initially, and on reconsideration. (*Id.* at 2). Plaintiff filed a timely request for an administrative hearing and, on January 23, 2003, participated in a hearing. (*Id.*). The hearing was continued on August 19, 2003. (*Id.*). On October 15, 2003, an Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled within the meaning of the Social Security Act because she was able to perform her past relevant work as a vocational rehabilitation counselor. (*Id.*; AR 36).

Plaintiff then requested review by the Appeals Council. (Joint Stipulation at 2). On September 29, 2004, the Appeals Council denied her request for review. (*Id.*). Plaintiff then initiated the present civil action for judicial review pursuant to 42 U.S.C. § 405(g).

Plaintiff makes three challenges to the ALJ's determination. First, Plaintiff alleges that the ALJ "improperly invoked the doctrine of *res judicata* and erred by refusing to consider new evidence of [her] mental impairment." (*Id.* at 4). However, the ALJ invoked the doctrine of *res judicata* with regard to "the issue of [Plaintiff's]

2

disability through May 26, 1995,"[1] and not in order to bar the admissibility of the evidence[2] Plaintiff sought to admit to establish a baseline for her alleged mental condition. (AR 27). In fact, far from refusing to consider this "new evidence," the ALJ expressly states in his decision that he reviewed the report from Dr. David Friedman "for information purposes " only, and found that it showed that the Plaintiff "would not have been precluded from performing substantial work activity." (AR 31). The ALJ considered Dr. Raymond Friedman's report as well, stating that "not even in the reports submitted by [Plaintiff's] most sympathetic Workers' Compensation evaluators [is there] evidence . . . of a 'profound mental disorder.'" (AR 34-35). Dr. David Friedman and Dr. Raymond Friedman were the two psychiatrists who evaluated Plaintiff for her Workers' Compensation cases. Thus, the ALJ's reference to "evaluators" (plural) indicates that the ALJ reviewed and considered the reports of both doctors in making his decision.

Thus, the decision demonstrates that the ALJ did consider the "new evidence" submitted by Plaintiff. Further, this evidence, when considered with the record as a whole, does not undermine the reasonableness of the ALJ's final determination. Thus, the court finds that the ALJ made no material error with regard to Plaintiff's first challenge.

Second, Plaintiff alleges that the ALJ erred by failing to afford Plaintiff's counsel ("counsel") an opportunity to cross-examine the consultative examiners, Dr. Roger A. Izzi (psychologist) and Dr. Faye Montegrande (internist). (Joint

---

[1] Because Plaintiff did not appeal the Social Security Administration's May 26, 1995 decision, which held that she was not disabled between June 1, 1993 and May 26, 1995, litigation of the issue of Plaintiff's disability during that time period is barred. Thus, the only time period of relevance in the present matter is that period ranging from May 27, 1995 to the date last insured, June 30, 1999. In order to prove her case, Plaintiff must establish disability prior to June 30, 1999.

[2] This evidence consists of reports from Plaintiff's treating psychiatrists, Dr. David Friedman and Dr. Raymond Friedman, and her evaluating psychiatrist, Herbert Robinson. (Joint Stipulation at 4).

Stipulation at 12). According to counsel's statements at the hearing, counsel wrote to the ALJ prior to the hearing to request the opportunity to cross-examine the consultative examiners. (AR 79). Absent that opportunity, counsel stated an intention to object to the admission of the examiners' reports into the record. (AR 79). The ALJ told counsel that he would address his objections in his decision. (AR 80). Plaintiff claims the ALJ never did so, constituting an abuse of discretion. (Joint Stipulation at 11).

While the ALJ did not expressly address counsel's objections in his decision, those objections became moot upon the ALJ's decision that the examiners' reports, having been based upon examinations performed in 2003, were not relevant to the issue of establishing Plaintiff's conditions between 1995 and 1999. The ALJ stated that Dr. Montegrande and Dr. Izzi's reports were "not relevant to this decision as they were performed almost 4 years after the claimant's date of last insured," but that they, like the earlier reports from Dr. David Friedman and Dr. Raymond Friedman, would be "summarized briefly for informational purposes." (AR 31).

The ALJ did summarize the examiners' findings, and noted that those findings were not inconsistent with his own assessment of Plaintiff's mental and physical impairments, based upon his review of the entire record.[3] (AR 32). In fact, Plaintiff presented so little evidence to corroborate her characterization of her mental conditions for the period of 1995 to 1999, that the ALJ could have reasonably reached his determination without ever mentioning the examiners'

---

[3] While the ALJ, in reference to Dr. Izzi's 2003 assessment of Plaintiff's mental residual functional capacity, states, "I find that this mental residual functional capacity is appropriate prior to the claimant's date of last insured as well as currently, and I concur with this assessment[,]" (AR 32), nevertheless, he goes on to say that, in making his assessment, he must consider all the evidence in the record. He follows this statement with four pages analyzing the facts as developed in the record as a whole. Thus, while the ALJ's statement, taken out of the context, could be read as an adoption Dr. Izzi's assessment, the decision as a whole demonstrates that the ALJ properly considered all the relevant evidence for the period in question - which was little indeed - and rendered a reasonable decision, free from material error.

findings. Consequently, the court finds that the ALJ did not abuse his discretion in failing to allow Plaintiff's counsel to cross-examine the examiners.

Finally, Plaintiff alleges that the ALJ erred in failing to call a psychiatric medical advisor "to determine whether [Plaintiff's] condition continued to be so severe through the date last insured period and through the time of the hearing." (Joint Stipulation at 15). In part, Plaintiff's challenge appears to arise from the fact that the medical expert at the hearing stated that he would "not discuss any of the multiple psychiatric study [sic] and therapeutic interventions because that's not my area of expertise." (AR 82). Plaintiff contends that "[a] medical advisor should have been queried as to whether, from the evidence available from both before and after the date last insured, he could give an informed opinion as to the degree of severity of [Plaintiff's] psychiatric impairment." (Joint Stipulation at 16).

The court agrees that a medical expert, prepared to discuss the evidence pertaining to all of Plaintiff's alleged impairments – including psychiatric studies and evaluations – could have been present at the hearing. However, there was, as has already been noted, an absence of any relevant, objective evidence of Plaintiff's mental condition for the period of 1995 to 1999. Thus, while a medical advisor could have been called upon to review the psychiatric evaluations performed in the mid-1980's, along with the scant evidence available pertaining to Plaintiff's mental state from 1995 through 1999, and Dr. Izzi's 2003 report, such an advisor would have been able to do little more than speculate as to the severity of Plaintiff's condition as of the date last insured.

Given the lack of objective evidence documenting Plaintiff's condition from 1995 to 1999, the court finds that a medical advisor would not have been able to offer a credible opinion, supported by substantial evidence, regarding Plaintiff's condition as of 1993, her alleged onset date, or through her date last insured (June

30, 1999).[4] Thus, the court finds that the ALJ committed no material error in failing to call a psychiatric medical advisor to testify at the hearing.

In sum, the court finds that the ALJ's ultimate conclusion - namely, that Plaintiff failed to provide sufficient evidence of her alleged disability for the period of 1995 to 1999 to establish a disability under the Social Security Act - is a correct one. Moreover, despite the absence of evidence from the period in question, the ALJ even considered, and gave appropriate weight to, reports generated before and after this period in an effort to discover any evidence upon which he could find that Plaintiff was disabled. Ultimately, however, even these reports failed to sufficiently establish a disability under the Social Security Act. Thus, the ALJ committed no material error.

For the foregoing reasons, the decision of the Commissioner is affirmed.

DATED: November 16, 2005

_____/s/_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Further, with regard to the issue of Plaintiff's mental condition at the time of the hearing, this issue was relevant only if Plaintiff could successfully prove a disabling condition existing prior to the date last insured. Because Plaintiff failed to satisfy her burden of proving a disabling condition prior to the date last insured, testimony from a medical advisor regarding her mental condition at the time of the hearing would have been irrelevant.